Wallace *et al. v.* The Exchange Bank of Spencer.

Filed Dec. 10, 1890.

——————◆——————

No. 14,210.

WALLACE ET AL. *v.* THE EXCHANGE BANK OF SPENCER.

PRACTICE.—*Motion for New Trial on Ground of Erroneous Instructions.—Failure to Present Question on Appeal.*—A motion for a new trial on the ground that the court erred in giving and refusing certain instructions, which does not call the attention of the court to the particular instructions given and refused, is too indefinite to present any question to the Supreme Court.

BANKS AND BANKING.—*Action on Cashier's Bond.—" Exchange Committee."*—The by-laws of a bank provided that an "exchange committee" should be organized, to be composed of the president, cashier, and a designated director, and that the cashier should not make loans in excess of a certain amount without the approval of said committee, or one member thereof, besides himself.

*Held*, that the failure of the bank to name a director for the committee did not deprive the committee of its powers, as the two named by the by-laws, a majority, had power to act.

SAME.—*" Exchange Committee."*—The failure of the bank to provide for the "exchange committee," in violation of the requirement of its by-laws in force when the bond of the cashier was executed to secure the faithful performance of his duty, would not relieve the sureties on such bond from liability for the fraudulent conduct of the cashier in engaging in a conspiracy with certain parties whereby large sums of money were drawn from the bank and invested in "options," and like illegitimate transactions.

126  265
136  475
126  265
140  649
126  265
144  297

SAME.—*Agreement Enlarging Cashier's Duties.—Effect of on Liability of Sureties.*—An agreement by the board of directors, after the execution of the cashier's bond, enlarging his duties and increasing his salary, but not changing the character of his duties, or his relation to the bank as cashier, is no defence to an action against the sureties on the bond for the cashier's violation of duty.

SAME.—*Pleading.*—A complaint in an action against the sureties on the bond of a cashier for his breach of duty in making unauthorized loans, alleged the organization of an "exchange committee," pursuant to the by-laws. The answer alleged that in violation of its duty, and the requirement of its by-laws in force when the bond in suit was executed, the bank failed to organize such committee, and because of such failure the cashier's duties were enlarged, and the various breaches of duty and losses occurred in consequence.

*Held,* that the allegations in the answer, so far as the defence rested upon the want of a committee, amounted to a general denial, and that the general denial being also pleaded, it was not error to sustain a demurrer to the answer.

From the Morgan Circuit Court.

*J. C. Robinson, S. O. Pickens, D. W. Grubbs, M. H. Parks, D. E. Beem, W. Hickam, G. A. Adams* and *J. S. Newby,* for appellants.

*W. R. Harrison, J. H. Jordan* and *O. Matthews,* for appellee.

BERKSHIRE, J.—This is an action upon a bond executed by the appellants to the appellee to secure the faithful performance by the appellant Samuel L. Wallace, of his duties as cashier of the appellee bank.

Issues were joined and the cause submitted to a jury and a verdict returned for the appellee, after which judgment was rendered upon the verdict.

Demurrers were sustained to the fourth, fifth and eighth paragraphs of the joint answer filed by all of the appellants except Wallace, and to the fourth paragraph of the separate answer of Wallace, and exceptions reserved. A joint motion for a new trial by all of the appellants except Wallace, and a separate motion by Wallace, were filed and overruled, and exceptions reserved.

There are several specifications of error, but only those which call in question the rulings of the court in sustaining the demurrers to the paragraphs of answer named, and in overruling the motions for a new trial, are urged in argument, hence the others are waived. The only reasons found in the motion for a new trial to which our attention is called by appellants' counsel are those relating to the instructions given and refused. The motion is too indefinite to present any error because of the court's action in refusing or in giving instructions. The court's attention was not called to any particular instruction given which the appellants claimed to be erroneous, nor to any one refused which they were insisting should have been given. *Jones* v. *Layman*, 123 Ind. 569; *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385.

In view of what we have said, the only questions left for our consideration are such as arise in consequence of the court's rulings in sustaining the demurrers addressed to the fourth, fifth, and eighth paragraphs of the joint answer of the appellants other than Wallace, and the fourth paragraph of his answer.

There are three paragraphs in the complaint, and the answers named go to the complaint as an entirety. The bond, which is the foundation of the action, reads as follows :

" Know all men by these presents, that we [naming the obligors] are held and firmly bound unto the Exchange Bank of Spencer, Indiana, in the sum of $50,000, to pay which we jointly and severally, firmly, bind ourselves, our heirs, executors, and administrators. Sealed with our seals, and dated this 17th day of January, 1880. The conditions of the foregoing obligation is that said S. L. Wallace, as cashier of said Exchange Bank, shall faithfully and honestly do and perform all of the duties of such cashier, in said Exchange Bank, receive, keep, and pay over, on demand, to the proper person, or persons, authorized to receive the same, all moneys and valuables of whatever kind, or description, which he may receive, or which may come into his hands as such

cashier, and do and perform all such duties as may be imposed upon him as cashier of said Exchange Bank, then, and in that event, this bond is to be void, else to be and remain in full force and virtue in law. Witness our hands and seals, day and date, above written."

The authority for the bond in suit is found in section 2686, R. S. 1881 : " The directors shall elect one of their number president, and shall also elect or appoint a cashier. The president and cashier shall each take an oath or affirmation that he will faithfully and honestly discharge his duties. And the board of directors shall require of the president and cashier to execute separate bonds, with sureties, in such sums as they may deem proper, conditioned that they will honestly and faithfully discharge their several duties as such officers (which said bonds shall be filed in the office of Secretary of State for the benefit of stockholders and creditors of such bank) during their continuance in office."

The bond required by the statute for each of the officers named is one that will cover all of the duties which he is called upon to perform as such officer, and it is to continue in force so long as he continues in office.

The conditions of the bond given by Wallace as such cashier are broad enough to embrace all of his duties as cashier so long as he should continue to hold the position.

The first paragraph of the complaint avers that large sums of money came into Wallace's hands as cashier of the said bank, and that he converted different amounts to his own use, giving an itemized statement.

The second paragraph alleges that pursuant to the by-laws of the bank it had organized an " exchange committee," composed of its president, cashier and a designated director; that it was further provided in said by-laws that the cashier should not make loans in excess of $500 without the approval of said committee or one member thereof besides himself. It is further alleged that Wallace, as such cashier, in violation of his trust and the said by-laws, loaned and

otherwise disposed of large sums of money belonging to said bank, which were wholly lost, and an itemized statement is given.

The third paragraph charges several breaches of the bond. The first, second and third breaches charge the conversion by Wallace, during his time as cashier, of different sums of money. The fourth breach charges him with having permitted one of the patrons of the bank to overdraw the amount of his deposits in the sum of $300. The fifth charges a conspiracy between the cashier and James B. and David M. Wallace to defraud the bank, and as the result large sums of money were withdrawn from its vaults and invested in "options" and "bucket-shop deals" so called. The sixth breach alleges the making of various loans of money by the cashier in violation of his trust and the rules and regulations of the bank. It is then alleged that all of said sums of money named in said several breaches of the bond were wholly and entirely lost to the bank; and further, that said cashier concealed all of said various transactions from the other officers of said bank.

The fourth and fifth paragraphs of answer admit the allegations of the complaint, but allege that in violation of its duty and the requirement of its by-laws in force when the bond in suit was executed, it failed to organize an "exchange committee," and because of such failure the duties of Wallace were enlarged, and as the result the various breaches of duty and losses complained of ensued, and hence the sureties are not liable upon their bond.

The basal rock upon which these paragraphs of answer rest is the allegation that there was no exchange committee organized as required by the by-laws.

Strike out this allegation and the answers stand as an admission of the various breaches of the bond alleged in the complaint.

The complaint alleges that there was, during all the time, an exchange committee, and hence the allegations in the

answer, so far as the defence rests upon the want of such committee, amount to a general denial; and the general denial being also pleaded it was not error to sustain the demurrers to these paragraphs.

But the answers themselves disclose the existence of the "exchange committee" provided for in the by-laws. They show that this committee was to be composed of the cashier, president, and a designated director. The committee was composed of three members; the by-laws named two of them, or a majority; the failure to name a director for that committee did not deprive the committee of its powers, the two had power to act.

Besides, the by-laws provided that the cashier was at liberty to take any legitimate action in disposing of the funds of the bank with the approval of its president, hence the approval of the chief officer would have been the cashier's justification as to any such transaction.

But if it were conceded that the bank had entirely failed to provide for an "exchange committee," and in the absence of such committee that the cashier had exclusive and complete authority to transact any and all of the business of the bank, this would not relieve his sureties from liability because of his fraudulent conduct in connection with James B. and David M. Wallace, whereby large sums of money belonging to the bank were invested in illegitimate transactions.

Under no circumstances was the cashier authorized to dispose of the funds of the bank for such purposes. With or without the approval of an "exchange committee," such as the by-laws provided for, this was a clear violation of duty, and rendered his sureties liable.

The eighth paragraph alleges that Wallace's duties as cashier were enlarged by an after agreement with the board of directors of the bank, and his salary increased, and a definite time agreed upon, during which he should serve un-

der the new arrangement, there having been no definite period agreed upon theretofore.

It does not appear that his duties as cashier were changed in any way, but other duties were cast upon him; nor does it appear that he resigned or was removed, or that he was re-elected.

The most that can be claimed for this paragraph of answer is that the salary of the cashier was increased in consideration that he would perform certain other duties. His relation to the bank as its cashier does not appear to have been changed, and the losses complained of all occurred because of his breach of duty as cashier.

If the averments of this answer are to be construed as disclosing a severance of the cashier's connection with the bank under his first engagement, and a new appointment or election, the appellants were not prejudiced because of the ruling of the court sustaining the demurrer, for in that event its legal effect was the same as the sixth paragraph, to which the demurrer thereto filed was overruled.

What we have said covers the ruling in sustaining the demurrer to the fourth paragraph of the separate answer of Wallace.

We find no error in the record.

Judgment affirmed, with costs.

COFFEY, J., took no part in the decision of this case.

Filed Dec. 10, 1890.