. THOMAS CANNING CO. *v.* SOUTHERN PACIFIC CO.

1. CARRIERS—NEGLIGENCE—LIMITATION OF ACTIONS.

    Damage to dry beans through claimed negligence of the carrier in shipping them in an oil-soaked car falls within the limitation clause as to "suits for loss, damage, or delay," of the Federal transportation act of 1920 (41 U. S. Stat. p. 462).

2. SAME—LIMITATION OF ACTIONS.

    That the carrier had no agent within the State upon whom process could have been served, and that during the period of Federal control suit by attachment was prohibited, did not suspend the running of the statutory limitation within which to bring action for shipper's claim for damages; the carrier not being required to have such an agent, and the shipper might have sued at any time in a jurisdiction where process would have reached the carrier.

3. SAME—INCONVENIENCE DOES NOT TOLL TIME.

    Mere inconvenience in place of planting suit does not toll the time within which such suit should have been brought.

Error to Kent; Dunham (Major L.), J. Submitted April 12, 1923. (Docket No. 62.) Decided June 4, 1923.

Case by the Thomas Canning Company against the Southern Pacific Company for damage to certain beans in transit. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Colin P. Campbell,* for appellant.

*Oscar E. Waer,* for appellee.

. WIEST, C. J. This case has been here before and

On liability of carrier for damages to freight because of defects in or improper condition of car, see note in L. R. A. 1917C, 510.

The service of process on railroad while under Federal control is discussed in notes in 4 A. L. R. 1715; 8 A. L. R. 987; 10 A. L. R. 975; 11 A. L. R. 1455; 14 A. L. R. 234; 19 A. L. R. 697.

is reported in 219 Mich. 388, where a full statement of the facts and issues will be found.   The action is to recover damages to three cars of dry beans shipped to plaintiff from points in California and originating on defendant's lines.   The case has been retried in the circuit and the only new evidence was a showing that the beans were delivered to the carrier in good condition and, therefore, the damage to the beans in one car was occasioned by the negligence of defendant in shipping them in an oil-soaked car.   The circuit judge followed our opinion, and directed a verdict for defendant.   The case presents the same legal questions as when here before, supplemented by the claim that where loss happens through negligence of the carrier, limitation of time within which to bring suit, as determined in our former opinion, does not apply.

The re-argument of the questions is most ingenious but induces no thought of error in our former decision. Our attention is called to *Taylor Co.* v. *Railway Co.* (Ky.), reported in the advance sheets of 245 Southwestern Reporter at page 895, but for some reason not included in the bound volume, and we are asked to abandon our decision and accept the views expressed by the court of appeals of Kentucky.

Since our decision the pivotal questions involved have come before the court of appeals of Maryland in *Acme-Evans Co.* v. *Railroad Co.*, 142 Md. 658 (121 Atl. 571), and our opinion is there quoted with approval, and the Kentucky opinion considered.

The loss through claimed negligence falls within the clause "suits for loss, damage or delay," and the limitation mentioned in our former opinion applies thereto.   *Ellis* v. *Davis*, U. S. Adv. Ops. 1922-23, p. 262 (43 Sup. Ct. 243).

Plaintiff urges us to excuse it from the limitation

of time in which suit should have been brought, because defendant had no agent within the State upon whom process could be served, and during Federal control suit by attachment was prohibited, and calls our attention to *Peoria, etc., Ins. Co. v. Hall*, 12 Mich. 202. In that case suit was brought within the contract period of limitation and process was issued but could not be served by reason of absence of an agent required, by statute, to be appointed within the State and upon whom process could be served. Here defendant was not required to have such an agent. Plaintiff could have sued at any time in a jurisdiction where process would have reached defendant, and we cannot hold that mere inconvenience in place of planting suit tolls the time within which such suit should have been brought.

Our former opinion, written by Mr. Justice FEL-LOWS, is controlling upon every question presented and the judgment is affirmed, with costs to defendant.

FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. MCDONALD, J., did not sit.