LONDON & LANCASHIRE INDEMNITY COMPANY OF AMER-
ICA ET AL. *v.* COMMUNITY SAVINGS AND LOAN
ASSOCIATION.

[No. 15,365.  Filed November 25, 1936.]

*William L. Mitchell* and *Embree & Baltzell,* for appellants.

*McDonald & McDonald,* for appellee.

Wood, C. J.—The appellee has filed a verified petition to dismiss this appeal. The pertinent facts set out in the motion may be briefly summarized as follows: June 2, 1934, the trial court signed and filed its special finding of facts and stated its conclusions of law thereon in favor of the appellee, on which judgment was accordingly rendered. On the same day each appellant filed a separate motion for a new trial, which motions were overruled. On the same day the appellant, Indemnity Company, alone, prayed an appeal to this court, which was granted. The amount of the appeal bond was fixed, surety named and approved, said bond to be filed within sixty days thereafter. This bond with the approved surety was filed on July 27, 1934, and the transcript was

filed in this court on September 20, 1934, within sixty days of the filing of the appeal bond as required by Sec. 2-3204, Burns 1933 (§480, Baldwin's 1934). The assignment of errors filed in this court was entitled London and Lancashire Indemnity Company, Rollin Maxam, appellants v. Community Savings and Loan Association, appellee. No term time appeal was jointly prayed by the appellants. No joint term time appeal bond was filed by the appellants. No separate term time appeal was prayed by Rollin Maxam, and no separate appeal bond was filed by him.

On this state of facts, appellee insists that if this is a term time appeal by the appellant, Indemnity Company, that Rollin Maxam is not properly named as a party appellant under Rule Four of this court. Further, that Rollin Maxam was neither a proper or necessary party appellant to a term time appeal taken by his co-appellant, but could have been properly joined as a party appellant in a vacation appeal by both the appellants, that therefore this appeal must be presumed to be a vacation appeal by both appellants, and having been on the docket more than ninety days, and there having been no appearance for the appellee, and no steps having been taken to bring the appellee into this court, there has been a failure to perfect this appeal by the appellant, Indemnity Company, as a term time appeal and by both appellants as a vacation appeal, and that pursuant to Rule Thirty-six of this court this appeal should be dismissed.

This motion is not well taken. The record discloses that the appellant, Indemnity Company, perfected a term time appeal. Under such circumstances, it was not necessary for the appellant, Indemnity Company, to make or name Rollin Maxam, who was its co-party to the judgment, a party to the appeal either as appellant or appellee. Sec. 2-3212, Burns 1933

reads as follows: "Whenever a part of any number of coparties against whom a judgment has been taken shall appeal from such judgment to the Supreme or Appellate Court under the provisions of section 638 of the Revised Statutes of 1881 (§2-3204, Burns 1933, §480, Baldwin's 1934), providing for term time appeals, it shall not be necessary to make such coparties not appealing parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties." See also, Sec. 2-2314, Burns 1933, §475, Baldwin's 1934, and *Deutch* v. *Schmidt* (1927), 87 Ind. App. 414, 161 N. E. 855. The motion to dismiss is overruled.

The appellant, Rollin Maxam, brought suit against the appellee to recover money alleged to be due him from appellee for services rendered in the capacity of secretary, for office space, equipment, clerical services, heat, light and telephone services furnished and for money paid and advanced for it. This complaint was answered by a general denial. The appellant, Indemnity Company, was not a party to this complaint and filed no pleadings in answer to the issues tendered thereby.

The appellee filed an amended counterclaim against the appellant, Rollin Maxam, in which it sought to recover from him certain funds of appellee which came into the possession of Maxam, as appellee's secretary, which funds it is alleged he wrongfully and unlawfully converted to his own use and failed and refused to account for and turn over to appellee. The appellant, Maxam, at the time of entering upon his duties as such secretary, executed a bond in the sum of $5,000 for the honest and faithful discharge of his duties as such secretary with appellant, London and Lancashire Indemnity Company as surety thereon. This counterclaim

alleged a breach of said bond and said appellant, Indemnity Company, was made a defendant thereto, to answer for the alleged default of Maxam. The bond was renewed and continued from year to year and was in full force and effect at the time of the alleged defalcations of Maxam. A copy of the original bond and all certificates of continuation were attached to the pleadings as exhibits. To this counterclaim the appellant, Indemnity Company, addressed a motion to strike out the allegations thereof directed against it as surety upon said bond on the theory that it was not a party defendant or otherwise to the original cause of action and said counterclaim was not germane thereto. This motion was overruled. The appellant, Indemnity Company, then filed a demurrer to said counterclaim for insufficiency of facts, upon the theory expressed in various ways that the cause of action therein set out was a new, independent action in no way connected with or germane to the cause of action set out in the original complaint of Maxam against appellee. This demurrer was overruled. The appellant, Indemnity Company, then filed a motion to dismiss said counterclaim as to it, for substantially the same reasons alleged in the motion to strike out and in the demurrer. This motion was overruled. The appellant, Indemnity Company, then filed an answer in four paragraphs to said counterclaim. The first was a general denial, the second pleaded confession and avoidance through breach, by departure from or material alterations of the surety contract by the appellee, the third pleaded confession and avoidance by breach of the surety contract by the appellee through non-observance of its by-laws and the laws of Indiana, and the consequent variation and enlargement of the risk, the fourth pleaded estoppel to a portion of the defalcations set out in the counterclaim. The appellee filed a reply in general denial to the second, third, and

fourth paragraphs of this answer. The appellant, Rollin Maxam, filed an answer in general denial to the counterclaim.

The appellant, Indemnity Company, then filed a second motion to dismiss said counterclaim as to it for substantially the same reasons embraced in its previous motion to dismiss. The motion was overruled.

The cause was submitted to the court for trial without a jury upon the issues above outlined. Upon request the court found the facts specially, stated its conclusions of law thereon and rendered judgment in favor of appellee on its amended counter-claim against both appellants. The appellants filed separate motions for a new trial, both of which were overruled. From the judgment thus rendered the appellant, Indemnity Company, as heretofore stated, prayed and perfected a term time appeal to this court.

The errors assigned for reversal by the appellant, Indemnity Company, are: (1) Overruling its motion to strike out parts of the amended counterclaim; (2) overruling its demurrer to the amended counterclaim; (3) overruling its motion to dismiss the amended counterclaim as to it; (4) overruling its motion to dismiss the amended counterclaim, which motion was filed immediately prior to the commencement of the trial of said cause; (5) error in the first conclusion of law; (6) error in the second conclusion of law; (7) overruling its motion for a new trial.

The first assignment of error presents no question for our consideration. Error cannot be predicated upon the action of the trial court in overruling a motion to strike out a part or all of a pleading. *Woodhouse* v. *Jennings* (1904), 164 Ind. 555, 73 N. E. 1088; *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769.

It is the contention of appellant, Indemnity Com-

pany, that because the complaint of Maxam sought to recover from the appellee money alleged to be due and owing to him on account, that the amended counterclaim filed by appellee against Maxam, secretary, and the appellant, Indemnity Company, as surety on his bond, for the unlawful conversion by him of funds of appellee is not germane to the original action, is an effort to litigate a collateral matter, and therefore did not state facts sufficient to constitute a counterclaim in the original action.

This contention is not sustained by our Code of Civil Procedure, nor by the construction placed thereon and the application thereof made by the courts of last resort of this state. "A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Sec. 2-1018, Burns 1933, §122, Baldwin's 1934. The facts are undisputed that Rollin Maxam entered into the employ of the appellee as its secretary March 21, 1921, and continued to act in that capacity until September, 1932, when his services were terminated. When he entered upon the performance of his duties, Maxam executed his bond, in which appellant, Indemnity Company, joined him as surety pursuant to Sec. 5081, Burns 1926, as amended by Acts 1927, ch. 50, p. 131, payable to the appellee for the faithful discharge of his duties as such secretary. This bond, among other things, provides that, "We, Rollin Maxam, as Principal, hereinafter called the 'Employe,' and London and Lancashire Inlemnity Company of America, as Surety, bind ourselves . . . to pay the Community Savings and Loan Ass'n, as Employer, such pecuniary loss, not exceeding Five Thousand Dollars, as said Employer shall have sustained of money or other personal property (including that for which Employer is responsible)

by any act or acts of Dishonesty, Theft or Embezzlement on the part of said Employe, directly or through connivance with others, while serving the Employer in the position of Secretary, etc."

So it necessarily follows that the appellant, Indemnity Company, became a party, as surety, to the contract relation of employer and employee created and existing between the appellee and Maxam. The basis of the cause of action brought by Maxam against the appellee was this contract. Likewise the basis of the cause of action set up in appellee's counterclaim was the same contract. In the case of *The Excelsior Clay Works* v. *De Camp* (1906), 40 Ind. App. 26, 80 N. E. 981, this court held that the above section of our Code must be taken in connection with Sec. 2-1019, Burns 1933 (§123, Baldwin's 1934), reading as follows: "If any defendant personally served with notice omits to set up a counterclaim arising out of the contract or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them, he cannot afterwards maintain an action against the plaintiff therefor except at his own costs."

The only reasonable intention to be ascribed to the legislature in the language of these two sections of the Code is, that it desired to prevent a multiplicity of law suits involving the same transaction, and upon the failure of the defendant "to set up a counterclaim arising out of the contract or transaction set forth in the complaint as the ground of the plaintiff's claims," if he attempted to do so thereafter it would be at his own costs as a penalty for such failure. See *Muir* v. *Robinson* (1933), 205 Ind. 293, 186 N. E. 289. There is no available error in the ruling on the demurrer.

Section 2-901, Burns 1933, §104, Baldwin's 1934, provides when an action may be dismissed by the court. The appellant, Indemnity Company, did not by either of its motions to dismiss appellee's counterclaim bring

itself within the requirements of this section of the statute, so the court did not err in overruling these motions to dismiss.

The fifth assignment of error is waived for failure to discuss it in the brief.

The second conclusion of law to which appellant, Indemnity Company, excepted, and on which it predicates its sixth assignment of error was to the effect that the appellee was entitled to a judgment against both the appellants as defendants to its counterclaim. In support of its contention that the court erred in this conclusion of law, the appellant, Indemnity Company, insists that the facts as found by the court show that the duties performed by Rollin Maxam were broadened after he entered into the service of appellee and after said Indemnity Company joined in the execution of the bond as surety, without its knowledge and consent, and at the time he converted the money of which complaint is made, he was not acting within the scope of the terms of his contract of employment, the faithful performance of which said Indemnity Company secured and for that reason it is not liable on the bond. The facts as found by the court do not sustain this contention. The court found that the by-laws of the appellee designating the duties of the secretary, among other things provided that: "He shall receive all moneys due the association and pay the same to the treasurer as ordered by the board of directors at least once each week . . . and perform all such other duties as may be required of him at any time by the board of directors." That Maxam had charge of the collection of all funds and moneys due appellee and the deposit of such funds in the depository designated by it. By the terms of the bond as found by the court appellants agreed "to pay the Community Savings and Loan Ass'n as employer, such pecuniary loss. not exceeding five thousand dollars, as said employer

shall have sustained of money or other personal property (including that for which employer is responsible) by any act or acts of dishonesty, theft or embezzlement on the part of said employee. The court found that upon July 10, 1925, Rollin Maxam, as secretary of appellee, drew two checks upon the treasurer of appellee association in the total sum of $4,500 payable to Alva and Dora J. Wilkinson, who endorsed said checks and turned them over to Rollin Maxam upon the agreement and understanding that Maxam would issue checks against said sum of money in defraying the cost of reconstruction and restoration of buildings upon real estate owned by the Wilkinsons and when said buildings were completed would credit any amount expended upon a note given by the Wilkinsons to the appellee as evidence of its loan to them of said $4,500. Upon receiving said checks so endorsed, Rollin Maxam deposited them in a bank in his individual checking account. On the amount so received by Rollin Maxam there remained a balance of $1,275.25 which he converted to his own use. The court further found that on October 5, 1927, the appellee loaned William Tolle the sum of $3,000 in evidence of which he executed his note secured by mortgage in which his wife joined him. On the same day a check was issued by appellee to Tolle for said sum, which check was by him endorsed and delivered to Rollin Maxam, with the understanding and agreement that out of the proceeds of said check Maxam should pay the purchase price of a lot for Tolle and pay out the balance for construction of a house as the work progressed. The house was never constructed. Of this fund there remained in Maxam's hands a balance of $1,974.75, which was never credited to the indebtedness of Tolle or turned over to appellee, but was by Maxam converted to his own use. The court found that there was due and owing to appellee from Maxam the sum of $1,974.75

being the unexpended balance loaned to the Tolles with certain interest and the further sum of $1,272.25, being the unexpended balance loaned to the Wilkinsons with certain interest, that the losses found to have been sustained by the appellee by reason of the acts of Maxam were not made good by either of the appellants and that there was due and owing to it from appellants the sum of $4,152.53.

The bond had incorporated therein the provisions required by Sec. 2 of Chapter 50, Acts 1927, p. 131, *supra*. That the appellant Indemnity Company was authorized to execute the bond as surety, and that it was properly executed is not questioned.

The bond having been executed pursuant to the terms of the statute, falls within the class designated as official bonds, so the terms of the statute requiring its execution enter into and become a part of it whether written therein or not, and constitute the contract upon which both the rights and liabilities of the surety are determined. Parties entering into bonds of this kind are bound by the conditions which the law pertaining thereto imposes. *United States, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984; *Holthouse* v. *State ex rel.* (1912), 49 Ind. App. 178, 97 N. E. 130; *Southern Security Co.* v. *Kinney* (1920), 74 Ind. App. 205, 127 N. E. 575; *Million* v. *Metropolitan, etc., Co.* (1930), 95 Ind. App. 628, 172 N. E. 569 (transfer denied by Supreme Court February 2, 1933) ; *General Asbestos, etc., Co.* v. *Aetna, etc., Co.* (1935), 101 Ind. App. 207, 198 N. E. 813.

The appellant, Indemnity Company, is a surety for profit and not an accommodation surety and is therefore not a favorite of the law. Its status is in the nature of an insurer rather than a surety, so it follows that if the bond under consideration is susceptible to two constructions, that construction will

be adopted which is most favorable to the persons intended to be protected by it. *Title, etc., Co.* v. *State ex rel.* (1915), 61 Ind. App. 268, 109 N. E. 237, 111 N. E. 19; *United States, etc., Co.* v. *Poetker, supra.*

The bond, conforming to the statute, required Maxam to honestly and faithfully discharge his duties as secretary of appellee association. In the case of *National Surety Co.* v. *State ex rel.* (1929), 90 Ind. App. 524, 161 N. E. 832 (transfer to Supreme Court denied December 20, 1929), this court reviewed several cases in which the import and meaning to be attributed to the phrase "honestly and faithfully" when used in official bonds was considered. With the reasoning of those cases as the basis for its conclusion the court said: "The rule for the interpretation of bonds seems to be that, when a public officer gives a bond for the faithful discharge of his duties, the word 'faithful' is held to imply that he has assumed that measure of responsibility laid on him by law, had no bond been given; that the object of a bond so conditioned is to get sureties for the performance of the duties of the office according to law, and that everything is unfaithfulness which the law does not excuse." To the same effect see *National Surety Co.* v. *State ex rel.* (1929), 90 Ind. App. 205, 161 'N. E. 573 (transfer to Supreme Court denied October 31, 1929).

From the facts as found by the court it cannot be successfully contended that Maxam received the money from the Wilkinsons and the Tolles in any capacity other than that of secretary of appellee association, for the purpose of supervising its expenditure in discharging obligations incurred in making improvements on their respective properties, thus being in a position to protect the interest of the appellee; to assure the proper expenditure and application of the funds, and to credit any unexpended balance upon the respective loans of the mortgagors. It is safe to con-

clude that if Maxam had not sustained the position of secretary of appellee these funds never would have been placed in his possession. While this method of transacting business may not have been in strict compliance with the by-laws of appellee association it was not such an irregularity as relieved the Indemnity Company from liability on Maxam's bond. *Tyler* v. *The Old Post, etc., Ass'n.* (1882), 126 Ind. 265, 26 N. E. 175. The court did not err in the statement of its second conclusion of law.

As the first and second causes for a new trial the appellant, Indemnity Company, alleged that the decision of the court is contrary to law and that it is not sustained by sufficient evidence. It is manifest from an examination of the evidence that it is sufficient to support the decision of the court and such decision is not contrary to law.

In its sixth cause for a new trial, the appellant, Indemnity Company, complains of the action of the court in permitting one Claude A. Smith, while testifying as a witness for the appellee, to answer the following question: "State to the court whether or not the Tolle loan was ever reported or read at any meeting of the board of directors which you attended? propounded to him on direct examination, over the objection of said appellant, on the ground that it constituted an attempt to impeach the records of the appellee association. This question did not ask the witness to testify to or give his version of the contents of any written document; it only sought to ascertain from the witness whether or not a certain loan had been reported or read in his presence. It was not error to overrule the objection.

In its seventh cause for a new trial, the appellant, Indemnity Company, complains of the action of the court in overruling its objection to the admission and reading in evidence of the bond and continuations there-

of which formed the basis for the action set out in appellee's counterclaim. This objection was predicated upon the same theory, presented and urged upon the court in said appellant's motion to strike out parts of the counterclaim, its demurrer thereto, and its motions to dismiss the same. What we have already said in discussing the action of the court in disposing of those various motions and the demurrer is equally applicable to this ruling. The exhibits were properly admitted and read in evidence.

In causes Nos. 9, 10, 11, 12, 13, 14, 15, 16, and 17 of its motion for a new trial, appellant, Indemnity Company, complains of the action of the court in refusing to admit and allow to be read in evidence, over the objection of appellee, said appellant's exhibits Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13, which were purported certificates of audits of the books and accounts of appellee, alleged to have been received by said appellant from appellee from time to time while the bond sued upon was in force. The record shows that this objection was sustained and during the progress of the trial all of said exhibits except Nos. 7, 10, and 12 were admitted and read in evidence. The contents of all of these exhibits was substantially the same except as to time and exhibit No. 13, which was among those admitted and read in evidence, was the last in order of time, so assuming that said appellant did receive these exhibits in proper manner, a question which we do not decide, inasmuch as they were all of the same general terms and effect, it is impossible for us to see where the exclusion of said exhibits Nos. 7, 10, and 12 from admission in evidence in any way prejudiced the substantial rights of the Indemnity Company. No such result has been pointed out to us by said appellant.

Finally in cause No. 19 of its motion for a new trial the appellant, Indemnity Company, says the assessment

of amount of recovery is erroneous, being too large. There was evidence from which the court could find and award the amount for which judgment was finally rendered in appellee's favor.

We have examined and considered all questions presented and discussed in appellant Indemnity Company's brief. It is apparent that the merits of this cause were fairly tried and determined. Finding no reversible error, the judgment is affirmed.