LYONS *v*. CITY OF GRAND RAPIDS.

1. PLEADING—CROSS DECLARATIONS—STATUTES.
   . Statute relating to cross declarations provides for such a pleading only in actions to recover damages for injury to person or property because of negligence (3 Comp. Laws 1929, § 14142).

2. SET-OFF AND RECOUPMENT—NATURE OF RECOUPMENT.
   Recoupment is, in effect, a counterclaim or cross action for damages.

3. PLEADING—NOTICE OF RECOUPMENT—MISNOMER.
   Pleading entitled "cross declaration in recoupment," filed by defendant city in action against it by contractor for balance due him on construction work is considered as notice of recoupment, since such misnomer does not materially affect the rights of the parties.

4. SET-OFF AND RECOUPMENT—JUDGMENT FOR EXCESS—COMMON LAW—STATUTES.
   While at common law a defendant could recoup his damages only by way of abatement or reduction of plaintiff's claim and could not obtain a judgment for the excess of his claim over that of the plaintiff, under statute now in force a defendant may recover judgment for such excess of claim (3 Comp. Laws 1929, § 14141). .

5. SAME—PLEADING—AFFIRMATIVE DEFENSES.
   Recoupment is an affirmative defense which must be properly pleaded.

6. SAME—PURPOSE OF STATUTE.
   The object of the statute permitting recoupment is to reduce litigation, save a multiplicity of suits, and conserve time, money, and property from the hazard and uncertainty of trials (3 Comp. Laws 1929, § 14141).

7. PARTIES—RECOUPMENT—SURETY ON PUBLIC CONTRACTOR'S BOND.
   In action brought by contractor for balance due him from city on public works construction contract in which city gave notice of recoupment for damages resulting from alleged

Distinction between recoupment, set-off and counterclaim, see Restatement, Judgments, title c, pp. 217, 218.
Limitation on surety's right of set-off of principal's claims against the creditor unless principal is made a party to the action instituted by the creditor, see Restatement, Security, § 133 (2), subd. (b).

breach of contract and joined surety on contractor's performance bond as cross defendant, surety was a necessary party in order to avoid a multiplicity of suits and determine the rights and liabilities of parties under the contract and bond since the surety was jointly and severally liable on the bond and had a substantial interest in the controversy (3 Comp. Laws 1929, § 14021).

8. SAME—MISJOINDER—NONJOINDER—STATUTES.

Statute providing that no action at law or in equity shall be defeated by nonjoinder or misjoinder of parties is remedial in character and is to be liberally construed (3 Comp. Laws 1929, § 14021).

9. SAME—STATUTES—SURETY UNDER PUBLIC WORKS CONTRACTOR'S PERFORMANCE BOND—RECOUPMENT.

Joinder of surety on public works contractor's performance bond with contractor as cross defendant under defendant city's plea of recoupment in contractor's action for balance due on contract was authorized by statutes relating to recoupment and joinder of parties. (3 Comp. Laws 1929, §§ 14021, 14141).

10. APPEAL AND ERROR—JOINDER OF PARTIES—FAIR TRIAL—SURETY ON PUBLIC WORKS CONTRACTOR'S PERFORMANCE BOND.

Contention made on motion to dismiss surety on public works contractor's performance bond as cross defendant with contractor under defendant city's plea of recoupment in contractor's action for balance due under contract that joinder of surety would be prejudicial and deprive both the contractor and the surety of a fair and impartial trial *held*, without merit.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 13, 1943. (Calendar No. 42,289.) Decided May 18, 1943.

Assumpsit by Ira J. Lyons, doing business as Lyons Construction Company, against City of Grand Rapids on a construction contract. Recoupment by City of Grand Rapids against plaintiff and Seaboard Surety Company, a New York corporation which was added as a party, for alleged damages

arising from breach of contract. From order deny-
ing motions to dismiss recoupment and to set aside
order adding party, plaintiff and Seaboard Surety
Company appeal. Affirmed.

*Warner, Norcross & Judd* and *Leonard D. Ver-
dier, Jr.,* for plaintiff.

*Travis, Merrick, Varnum & Riddering* and *Clif-
ford C. Christenson,* for defendant.

*Alexander, McCaslin & Cholette,* for cross defend-
ant Seaboard Surety Company.

STARR, J. On May 15, 1939, plaintiff Ira J. Lyons,
doing business as the Lyons Construction Company
(herein referred to as Lyons) entered into a written
contract with defendant city of Grand Rapids
(herein referred to as the city) for the construction
of an intake pipe line, intake valve, and valve cham-
ber, in connection with the project for supplying
Lake Michigan water to the city of Grand Rapids.
The agreed consideration for such construction work
was $217,680 plus extras at specified prices. On the
same date Lyons, as principal, and the Seaboard
Surety Company, a corporation (herein referred to
as the surety company), as surety, executed to de-
fendant city a performance bond in the amount of
$217,680, which bond, by reference, embodied the
construction contract between Lyons and the city.
Such bond provided in part:

"Now, therefore, if the above principal (Lyons)
shall in all respects comply with the terms and con-
ditions of said contract, and his  *  *  *  obliga-
tions thereunder, including the specifications therein
referred to and made a part thereof, and such alter-
ation as may be made in such specifications, as

herein or therein provided for, then this obligation to be void, or otherwise to be and remain in full force, effect and virtue.''

Lyons proceeded with the construction work and received payment of all sums due for full performance of the contract, except $12,029.62, for the recovery of which he began the present law action against the city in September, 1941. In its answer the city alleged that Lyons had breached and failed to perform the contract properly and denied his right to recover the balance claimed. In its answer, under notice of recoupment, the city as cross plaintiff asserted its counterclaim against both Lyons and the surety company for damages which, it alleged, resulted from their breach of and failure to perform the construction contract in question. Coincident with filing its answer, the city also filed motion to add the surety company as a party cross defendant. On the same date an order was entered making the surety company a party cross defendant and authorizing the issuance of process against it.

The surety company appeared specially and moved to dismiss the proceedings against it, on the ground that it had been improperly joined and added as a party to the suit. Lyons moved to set aside the order adding the surety company as a party cross defendant and to strike from the city's answer all reference to its cross action against the surety company. The trial court entered an order denying both the Lyons and surety company motions and requiring the surety company to plead to the city's recoupment claim. In his opinion the trial court stated:

''They (surety company) deny any interest in the Lyons claim and insist that the statute govern-

ing recoupment does not permit them to be joined in the action. * * * So far as the recoupment is concerned they become defendants along with plaintiff Lyons and their liability, of course, is predicated upon the joint and several undertaking of the Seaboard Surety Company and Lyons. * * *

"It is conceded that if this were an original action by the defendant (city) against Lyons, that the surety company would be a proper party to be joined. On the defendant's side, if it is entitled to recover against Lyons, it is entitled to have the same judgment against the surety company. No entry of such judgment against them could be made in this action unless they are joined. The defendant admits the plaintiff's claim. In this the surety company have no interest and if there were no counterclaim on behalf of the defendant, the surety company could not be made a party plaintiff. * * * But when it comes to the trial of recoupment, they become interested in a very substantial way. * * *

"To avoid a multiplicity of suits to determine the liabilities of all parties in one action and to have proper judgments rendered requires that all parties to the contract should become parties to the present litigation."

Having obtained leave, both Lyons and surety company appeal. The question presented is whether or not the surety company may be made a party cross defendant in the present suit instituted by Lyons against the city, so that it could assert, under notice of recoupment, its claim for damages against both Lyons and the surety company.

In its answer the city entitled its notice of recoupment "cross declaration in recoupment." This was a misnomer, as the statute providing for cross declaration by a defendant relates only to actions to recover damages for injury to person or property

because of negligence. (3 Comp. Laws 1929, § 14142 [Stat. Ann. § 27.836]). Such misnomer does not materially affect the rights of the parties. Recoupment is, in effect, a counterclaim or cross action for damages, and we shall so consider defendant's notice of recoupment in the present case. *Flynn* v. *Barry,* 221 Mich. 422; *Detroit River Transit Co.* v. *Aldrich,* 176 Mich. 357.

At common law a defendant could recoup his damages "only by way of abatement or reduction" of plaintiff's claim and could not obtain a judgment for the excess of his claim over that of the plaintiff. *Ward* v. *Fellers,* 3 Mich. 281, 289. However, by statute a defendant may now recover judgment for such excess of claim. Section 14141, 3 Comp. Laws 1929 (Stat. Ann. § 27.835), provides:

"In any action, in any court, if the defendant shall claim damages by way of recoupment, by plea or otherwise, in pursuance of the rules and practices of such court, and on the trial of the issue formed, if the court or jury trying the same shall find such defendant entitled to an amount of damages, whether liquidated or not, greater than the amount of the demand of the plaintiff, the court shall give judgment according to the true right thereof for the defendant, for the amount of such excess so found and costs, and issue execution therefor against the plaintiff, as in cases of judgment and execution on plea or notice of off-sets."

In *Detroit River Transit Co.* v. *Aldrich, supra,* we said, p. 363:

"Recoupment is, in its nature, a cross action for damages, an affirmative defense in relation to which the defendant is, in effect, plaintiff and may recover a money verdict in his favor if his claim exceeds plaintiff's demand. Such claim must be properly pleaded, as in a declaration."

In the case of *Stratford Arms Hotel Co.* v. *General Casualty & Surety Co.*, 249 Mich. 518, 525, the court said:

"The object of the statute permitting recoupment is to reduce litigation, save a multiplicity of suits, conserve time, money, and property from the hazard and uncertainty of trials."

It appears that when the city discovered the alleged breach of contract by Lyons, it gave notice of such breach to both Lyons and the surety company and demanded that they perform and complete the contract. As admitted by Lyons, the surety bond in question was a performance bond, and Lyons and the surety company were jointly and severally liable to the city for performance of the construction contract. It is admitted that the city could have instituted a separate suit against Lyons and the surety company for damages resulting from the alleged breach of contract. It is also admitted that in the present suit the city, under notice of recoupment, could assert its counterclaim for damages against Lyons. However, the surety company argues that, as it had no interest in and was not a necessary party to the present action, it could not be joined as a cross defendant for the purpose of enabling the city to assert its counterclaim for damages. It is apparent that if, while the present suit is pending, the city begins a separate action against Lyons and the surety company, it will be necessary to conduct two separate trials involving the same issues or to consolidate the cases for trial. Although the present appeal relates only to the joinder of the surety company and to the city's recoupment claim, it is clear that the real controversy between Lyons and the surety company on one side, and the city on the other, involves the alleged breach of the construc-

tion contract. The surety company, being jointly and severally liable with Lyons, had a substantial interest in such controversy. To determine the rights and liabilities of the interested parties, it was necessary to join the surety company as a party cross defendant. Section 14021, 3 Comp. Laws 1929 (Stat. Ann. § 27.665), provides:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

In considering the above statute in *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563, 575, we said:

"In some cases the duty to join other parties may arise from the relief sought by defendant. * * *
"This statute, broad and comprehensive in its terms, is remedial in character and liberally construed. *Gillen* v. *Wakefield State Bank,* 246 Mich. 158; *Windoes* v. *Colwell,* 247 Mich. 372."

Considering a statute substantially similar to section 14021 quoted above, the court said in *Cady* v. *Kerr,* 11 Wash. (2d) 1, 12 (118 Pac. [2d] 182, 137 A. L. R. 713):

"The purpose of the rule announced in the statute just quoted is to permit parties who are in any way affected by a controversy to be brought into the pending litigation, in order to avoid a multiplicity of suits and to determine all subjects of the controversy, in so far as proper, in one action."

See *London & Lancashire Indemnity Company of America* v. *Community Savings & Loan Ass'n,* 102 Ind. App. 665 (4 N. E. [2d] 688).

From our examination of the record we are satisfied that the real controversy between these parties

involves the alleged breach of the construction contract in question. To avoid a multiplicity of suits and to determine the rights and liabilities of the parties under the construction contract and performance bond, the surety company should be added as a party cross defendant, and the city allowed, under its notice of recoupment, to assert its counterclaim for damages against both Lyons and the surety company. Such joinder of the surety company and counterclaim by way of recoupment are authorized by the statutes hereinbefore quoted.

The contention that to join the surety company as a party in the present suit would be prejudicial and would deprive both it and Lyons of a fair and impartial trial is without merit.

The order of the trial court entered September 4, 1942, is affirmed, with costs to defendant city.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.