WATSON-HIGGINS MILLING COMPANY *v.* PERE
MARQUETTE RAILWAY COMPANY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—UNIFORM BILL OF
   LADING—PUBLISHED TARIFFS—INTERSTATE COMMERCE.
   Whether or not matter printed in small type on reverse side of
   the uniform bill of lading could be relied upon as a defense
   in action against defendant railroad is not determined, where
   same matter occurred in published tariffs filed by the railroad
   company with the interstate commerce commission, the de-
   fendant is an interstate common carrier by rail and goods
   involved were shipped in interstate commerce.

2. CARRIERS—CONTRACTS—INTERSTATE COMMERCE—PUBLISHED TAR-
   IFFS.
   Published tariffs filed with the interstate commerce commission
   became part of the contract of carriage of goods shipped in
   interstate commerce and bind the parties.

3. SAME—CONTRACTS—FILING OF CLAIM.
   Failure of shipper to comply with contractual provision requir-
   ing filing of claim with the carrier within 9 months from
   delivery of shipment in interstate commerce to the carrier
   bars recovery.

4. SET-OFF AND RECOUPMENT—NATURE OF RECOUPMENT.
   Recoupment is, in effect, a counterclaim or cross action for
   damages.

5. SAME—RECOUPMENT.
   In an action at law a defendant is not limited to a recovery
   of damages only by way of abatement or reduction of plain-
   tiff's claim but may recover judgment for recoupment (CL
   1948, §§ 615.5, 615.10).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 9 Am Jur, Carriers, §§ 385, 403.
[2] 9 Am Jur, Carriers, § 113.
[3] 9 Am Jur, Carriers, § 798.
[4–6] 47 Am Jur, Set-off and·Counterclaim, §§ 2–6.

6. CARRIERS—RECOUPMENT FOR FREIGHT BILL—EVIDENCE.

Defendant carrier was entitled to recover amount of freight bill in shipper's action for damages for furnishing bug- and worm-infested car, where plaintiff failed to file its claim for damages within time prescribed by published tariffs, filed with interstate commerce commission, defendant's answer plainly set forth its claim for amount of freight bill and proofs supported its claim (CL 1948, §§ 615.5, 615.10).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 4, 1950. (Docket No. 2, Calendar No. 44,552.) Decided June 5, 1950.

Action by Watson-Higgins Milling Company against Pere Marquette Railway Company to recover damages suffered when flour shipped over defendant's railroad became infested with bugs. Defendant claims judgment for amount of freight bill. Judgment for defendant. Plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Harrington, Waer, Cary & Servaas* and *Robert M. Waer,* for defendant.

BOYLES, C. J. The facts in this case are not in dispute. Plaintiff is engaged in the flour-milling business at Grand Rapids, and the defendant is a railroad common carrier. In May, 1944, plaintiff requested the defendant to spot a box car on plaintiff's siding, in which to ship flour. On May 24th the car was spotted at plaintiff's loading dock and on the same date examined for leaks and loaded with 900 100-pound sacks of flour. Uniform bill of lading was issued May 25th by the defendant company for shipment of the flour to a delivery point in Pennsylvania. Government inspectors there condemned the ship-

ment for being bug and worm infested, and the shipment was returned to Grand Rapids where the flour was taken from the car, remilled, resacked, reloaded and shipped to another destination in Pennsylvania where it was then accepted and paid for.

Plaintiff, on May 23, 1945, filed a claim with the defendant for $1,108.63 loss by reason of the original shipment having been rejected. This claim was received by the defendant May 31, 1945, more than a year after the delivery of the original shipment to the railroad company and the issuing of the bill of lading. The railroad company denied liability on the ground that the claim had been filed more than 9 months after the shipment had been delivered to it. Thereupon plaintiff brought the instant suit, declaring in 3 separate counts, based on negligence, contract, and adding the common counts. In its answer the defendant relied on the defense that notice of the loss had not been given the company within 9 months. The defendant also asked for a judgment in its favor in the amount of $108 for unpaid freight bill.

The case was heard by the court without a jury. Plaintiff's theory was that the defendant was negligent in furnishing plaintiff a car infested with bugs, unsuitable for shipment of flour, knowing it was to be used for that purpose. The defendant relied upon the defense that plaintiff's failure to file a claim within 9 months barred recovery. The court held that the defense was good and entered judgment for the defendant for the unpaid freight bill, $108, and costs. Plaintiff appeals.

It is conceded that a condition in the uniform bill of lading under which the shipment in question moved was also a part of the railroad company's published tariffs, filed with the interstate commerce commission (consolidated freight classification No 16, § 2-b), which provided that as a condition preced-

ent to recovery plaintiff's claim must be filed with the defendant company within 9 months after delivery of the property to the carrier. Plaintiff claims that this provision which was printed on the reverse side of the bill of lading was in print so small that it could not be read by the average eye and that it was for all practical purposes illegible; and that for that reason it could not be relied upon as a defense to the claim. However, we need not consider that question when the same provision occurred in the published tariffs filed by the railroad company with the interstate commerce commission. The defendant company is an interstate common carrier by rail and the goods were shipped in interstate commerce. The published tariffs filed with the interstate commerce commission become part of the contract and bind the parties.

"The contract for carriage of an interstate carrier must be in accord with the rules and regulations governing interstate commerce. *Pennsylvania R. Co.* v. *Marcelletti,* 256 Mich 411 (78 ALR 923).

" 'The tariffs and schedules filed with the interstate commerce commission become a part of the contract and as such binding on the parties. To hold otherwise would open wide the door for unjust discrimination. * * * The relations of the shipper and carrier are contractual. * * * In order to prevent discrimination the law has provided that certain things shall be done in all shipments. Neither the shipper nor the carrier can deviate from them without discrimination which is the important thing inhibited.' *Thomas Canning Co.* v. *Southern Pacific Co.,* 219 Mich 388, 396; 223 Mich 154." *Rockwell* v. *Grand Trunk Western Railway Co.,* 264 Mich 626.

"We have repeatedly held that the classification of tariffs of a carrier on file with the interstate commerce commission becomes part and parcel along with the bill of lading in making up the contract of

carriage." *Hecker Products Corp.* v. *Transamerican Freight Lines, Inc.*, 296 Mich 381.

The trial court correctly held that the failure of plaintiff to comply with the contractual provision requiring that plaintiff's claim must be filed with the carrier within 9 months from delivery of the shipment to the carrier bars recovery.

Plaintiff claims that it should have the right to recover damages for negligence notwithstanding its failure to file its claim within the required 9 months. This has been decided adversely to plaintiff's claim in the second appeal of *Thomas Canning Co.* v. *Southern Pacific Co.*, 223 Mich 154, where this Court held:

"The case presents the same legal questions as when here before, supplemented by the claim that where loss happens through negligence of the carrier, limitation of time within which to bring suit, as determined in our former opinion, does not apply.

"The re-argument of the questions is most ingenious but induces no thought of error in our former decision.     *     *     *

"The loss through claimed negligence falls within the clause 'suits for loss, damage or delay,' and the limitation mentioned in our former opinion applies thereto."

In a separate paragraph concluding its answer the defendant alleged:

### "Defendant's Set-Off

"The freight charges which were due in connection with the shipment of freight set forth in plaintiff's declaration amounted to $108, which amount plaintiff has neglected and refused to pay. Defendant therefore asks for a judgment against the plaintiff on account of said charges in the amount of $108, plus interest from May 25, 1944, at the rate of 5 per cent. per annum.

"Wherefore, defendant claims judgment against the plaintiff in the sum of $200."

Plaintiff claims that the defendant is not entitled to a "set-off." It matters not whether the label is set-off, recoupment, counterclaim or cross action. Said paragraph is plainly worded and its purport is clear. Recoupment is, in effect, a counterclaim or cross action for damages; and under CL 1948, §§ 615.5, 615.10 (Stat Ann §§ 27.830, 27.835), the defendant is not limited to a recovery of damages only by way of abatement or reduction of plaintiff's claim but may now recover judgment for recoupment. *Lyons* v. *City of Grand Rapids,* 305 Mich 309.

The proofs support the judgment in favor of the defendant for the freight bill and is affirmed.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.