LEWIS v. ZUKERMAN.

1. WORK AND LABOR—NONJURY CASE—SCRAP IRON BALER—EVIDENCE.
    Evidence supported trial judge's finding in nonjury case that plaintiffs had failed to show scrap iron baler was to have been built at defendant scrap iron dealer's risk, hence, judgment for defendant for sums he had paid to plaintiffs for material and work in connection with its construction less amount defendant admittedly owed for other services not connected with the baler was proper (CL 1948, §§ 615.5, 615.10).

2. JUDGMENT—SET-OFF AND RECOUPMENT.
    Entry of judgment for excess of set-off over plaintiffs' claim was not error under pertinent statutes (CL 1948, §§ 615.5, 615.10).

Appeal from Kent; Searl (Fred N.), J. Submitted June 2, 1959. (Docket No. 14, Calendar No. 47,943.) Decided October 12, 1959.

Assumpsit by Russell F. Lewis and Isabelle J. Lewis, doing business as Russell's Body Shop against Morris Zukerman, doing business as Morris Zukerman Company, for sums due for construction of machine and for miscellaneous services. Defendant filed recoupment and set-off. Judgment for de-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Work and Labor § 60.
[2] 47 Am Jur, Setoff and Counterclaim § 105.

fendant in amount of excess. Plaintiffs appeal. Affirmed.

*Irving H. Smith,* for plaintiff.

*Luyendyk, Hainer, Hillman, Karr & Dutcher,* for defendant.

KELLY, J. Plaintiff Russell F. Lewis agreed to build a baler to bale scrap metal and stainless steel for defendant at a price not to exceed $500. Plaintiffs, who operate a body shop, had never before built a baler. Defendant, who is in the scrap iron business, knew nothing about machinery nor how to build a baler and did not give to plaintiffs instructions as to method or means of construction.

The baler did not function and after several attempts to make it work, plaintiffs built a second baler. The second baler, while an improvement over the first one, did not meet requirements and it (the second baler) was in plaintiffs' possession at the time plaintiffs commenced this action.

Kent County Circuit Judge Searl, without a jury, decided plaintiffs had never delivered a baler that would bale and, therefore, had not met the burden of proof entitling plaintiffs to their claim of $995.27 for the construction of baler No. 2, and rejected plaintiffs' contention that the agreement was that the baler was to be built at defendant's risk and plaintiffs were to be paid even though the baler failed to function.

Plaintiffs sued for an additional amount of $588.40 (count 2 of their declaration) for services rendered defendant not in any way connected with the construction of the baler, and at the start of trial defendant admitted that he owed this amount.

Judge Searl found defendant was entitled to recover under his claim of recoupment and set-off the

sum of $773.32, which amount he had paid to plaintiffs for material and work in constructing the baler, less $588.40 which defendant admitted he owed (count 2), and rendered a judgment for the difference, in the amount of $184.92, to defendant.

This appeal brings before us a record showing a sharp conflict between plaintiffs and defendant as to what kind of an oral agreement was entered into. Judge Searl had an opportunity denied us—namely, of observing witnesses as testimony was offered.[*]

The record submitted does not justify a finding on our part that the trial judge erred, and we would not serve bench or bar by setting forth the testimony offered at the trial.

We see no merit in plaintiffs' claim that the court erred in adopting the procedure that he did—that is, in entering a judgment of $184.92 for defendant, instead of a judgment for plaintiffs on their count 2 in the amount of $588.40 and a judgment for defendant of $773.32 on his claim of set-off. The judgment entered is in accord with the statutes, CL 1948, §§ 615.5, 615.10 (Stat Ann §§ 27.830, 27.835), and the decisions of this Court. *Watson-Higgins Milling Co.* v. *Pere Marquette R. Co.,* 328 Mich 5, 10; *Lyons* v. *City of Grand Rapids,* 305 Mich 309, 314.

Judgment affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

_____

[*] See *Allen* v. *Currier Lumber Co.,* 337 Mich 696; *Hayes Construction Co.* v. *Silverthorn,* 343 Mich 421; *In re Calhoun Estate,* 346 Mich 227; *Barnes* v. *Beck,* 348 Mich 286.